**Rampersad SOOKDEO, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE; Immigration and Naturalization Service, Respondents.**

No. 01–3326.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before KEITH, NORRIS, and MOORE, Circuit Judges.

Rampersad Sookdeo, a native of Trinidad and Tobago, petitions through counsel for review of an order of the Board of Immigration Appeals dismissing his appeal from a decision of an Immigration Judge denying him relief in the form of suspension of deportation, pursuant to 8 U.S.C. § 1254(a)(1) (1994). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Sookdeo entered the United States in 1988 on a student visa. In 1994, he was served with an order to show cause why he should not be deported for failing to maintain his student status. He conceded deportability on that basis, but applied for suspension of deportation, available to aliens who have been in the United States for seven years, are of good moral character, and would suffer extreme hardship if

deported. A hearing was held before an Immigration Judge, who denied the application for suspension on the ground that extreme hardship had not been demonstrated, but granted an extended period of voluntary departure, pursuant to 8 U.S.C. § 1254(e).

Sookdeo appealed to the Board of Immigration Appeals (BIA). The BIA dismissed the appeal on the ground that the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) rendered Sookdeo ineligible for suspension, as he had not accrued seven years of residence prior to the issuance of the order to show cause.

On appeal, Sookdeo concedes that this court has held that the new stop-time regulation, which does not allow an alien to accrue time towards the seven-year residency requirement for suspension of deportation following the issuance of the order to show cause, applies retroactively. However, he attempts to distinguish the cases on point on the basis that the aliens in those cases had filed motions to reopen their deportation proceedings to apply for suspension of deportation after having been denied other relief, while he initially applied for suspension after issuance of the order to show cause.

The BIA dismissed Sookdeo's appeal on an issue of law, which is reviewed de novo by this court. *Ashki v. INS*, 233 F.3d 913, 917 (6th Cir.2000). Sookdeo's argument on appeal attempting to exempt his case from the stop-time rule is not persuasive, and the petition for review must therefore be denied.

As Sookdeo concedes, this court has held that the stop-time regulation applies retroactively to cases initiated prior to the passage of the IIRIRA. *Bartoszewska–Zajac v. INS*, 237 F.3d 710, 712–13 (6th Cir. 2001); *Ashki*, 233 F.3d at 918. Sookdeo argues that his case is distinguishable

from those cases, which both involved motions to reopen the deportation proceedings to apply for suspension, while he applied for suspension as his initial request for relief. Sookdeo does not explain why this difference should alter the application of the regulation, and the significance of the distinction is not apparent. Moreover, this court has also recently applied the stop-time regulation retroactively to a case in which no motion to reopen was involved. *Sad v. INS*, 246 F.3d 811, 814 (6th Cir. 2001).

Because this court has previously decided the issue raised by this appeal, and Sookdeo has not shown a material distinction which would require a different result in his case, the petition for review is denied.